**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **RASHAD C. LEE,** | ) | |
| **AIS 213823,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. 2:25-cv-531-MHT-CWB** |
| | ) | |
| **CYNTHIA W. STUART, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff filed this action on July 17, 2025 to assert a claim under 42 U.S.C. § 1983—alleging that he had recently transferred into Kilby Correctional Facility where he was placed in administrative segregation within the restrictive housing unit. (*See* Doc. 1). Among the relief sought was a preliminary injunction "to immediately release [him] from this cell or show cause as to why [he] should remain [in the cell]." (*Id*. at p. 14.). However, Plaintiff more recently filed a notice of change of address indicating that he has been transferred to a new facility. (*See* Doc. 7). Because Plaintiff is no longer at Kilby Correctional Facility, the Magistrate Judge will recommend that the request for a preliminary injunction be denied as moot.

## I.      Standard of Review

"The grant or denial of a preliminary injunction is within the sound discretion of the district court." *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002). A court may grant a preliminary injunction when the movant establishes that "(1) he has a substantial likelihood of success on the merits, (2) he will suffer irreparable injury unless the injunction issues, (3) the injunction would not substantially harm the other litigant, and (4) if issued, the injunction would not be adverse to the public interest." *Long v. Sec'y, Dep't of Corr.*, 924 F.3d 1171, 1176

(11th Cir. 2019) (citations omitted). "A preliminary injunction is an extraordinary and drastic remedy, and [the moving party] bears the burden of persuasion to clearly establish all four of these prerequisites." *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1247 (11th Cir. 2016) (internal quotations and citation omitted).

## II.    Discussion

In a § 1983 action filed by a prisoner, a request for injunctive relief becomes moot upon transfer or release from the facility giving rise to the request. *Spears v. Thigpen*, 846 F.2d 1327, 1328 (11th Cir. 1988) (quoting *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985) ("Absent class certification, an inmate's claim for injunctive … relief in a section 1983 action fails to present a case or controversy once the inmate has been transferred.")); *see also Owens v. Centurion Med.*, 778 F. App'x 754, 759 (11th Cir. 2019) (transfer to different facility after filing § 1983 complaint rendered moot plaintiff's deliberate indifference claims seeking injunctive relief). In short, "[e]quitable relief is a prospective remedy, intended to prevent future injuries." *Adler v. Duval Cnty. Sch. Bd.*, 112 F.3d 1475, 1477 (11th Cir. 1997). For that reason, "[w]hen the threat of future harm dissipates, the plaintiff's claims for equitable relief become moot because the plaintiff no longer needs protection from future injury." *Id.; see also Smith v. Allen*, 502 F.3d 1255, 1267 (11th Cir. 2007) (noting general rule that transfer or release moots prisoner's claim for injunctive relief); *McKinnon v. Talladega Cnty., Ala.*, 745 F.2d 1360, 1363 (11th Cir. 1984) (finding inmate's transfer to different jail mooted claim for injunctive relief).

At the time Plaintiff filed his request for injunctive relief, he was incarcerated at Kilby Correctional Facility and sought release from his restrictive housing placement. Now that he has been transferred, Plaintiff no longer faces a threat of irreparable injury from the alleged conduct. Accordingly, Plaintiff's request for injunctive relief is moot.

**III.    Conclusion**

It is hereby **RECOMMENDED** that Plaintiff's request for a preliminary injunction (*see* Doc. 1 at p. 14) be **DENIED AS MOOT** and that proceedings be referred back to the Magistrate Judge for further action as appropriate.

It is **ORDERED** that all objections to this Recommendation must be filed **no later than February 20, 2026**.  An objecting party must identify the specific portion(s) of factual findings/ legal conclusions to which objection is made and must describe in detail the basis for each objection.  Frivolous, conclusive, or general objections will not be considered.

After receiving objections, the District Judge will conduct a *de novo* review of the challenged findings and recommendations.  The District Judge may accept, reject, or modify the Recommendation or may refer the matter back to the Magistrate Judge with instructions for further proceedings.  *See* 28 U.S.C. § 636(b)(1)(C).  A party shall be deemed to have waived the right to challenge on appeal a District Judge's order to the extent it is based upon unobjected-to findings or recommendations.  The court on appeal may review unobjected-to factual and legal conclusions only for plain error if necessary in the interests of justice.  *See* 11th Cir. R. 3-1.

No party may appeal this Recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  A party may appeal only from a final judgment ultimately entered by the District Judge.

**DONE** this the 6th day of February 2026.

**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**